```
                    UNITED STATES BANKRUPTCY COURT
                   FOR THE NORTHERN DISTRICT OF IOWA
```

IN RE:                         )
                               )    Chapter 7
PATRICIA A. KEHDE,             )
                               )    Bankruptcy No. 09-02557
     Debtor.                   )

### ORDER RE: MOTION TO RECONSIDER

Debtor filed a Chapter 7 petition on September 3, 2009. The Court dismissed the case on September 28, 2009 based on Debtor's failure to comply with 11 U.S.C. § 109(h)(1). Specifically, Debtor had failed to file her Credit Counseling Certificate and payment advices as required under that statute.

On September 29, 2009, Debtor filed a Motion to Reconsider dismissal of the case, and also filed payment advices and a Credit Counseling Certificate. The Certificate indicates that Debtor received credit counseling postpetition, on September 21, 2009. U.S. Trustee filed a comment asserting that § 109(h)(1) requires that debtors receive credit counseling during the 180 days prepetition in order to be eligible to file a bankruptcy petition. U.S. Trustee also questions whether the fee paid to Debtor's counsel should be surcharged if dismissal is not vacated.

Section 109(h)(1) states, in pertinent part:

> [A]n individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

11 U.S.C. § 109(h)(1).

The credit counseling requirement is plain and mandatory. In re Hedquist, 342 B.R. 295, 300 (B.A.P. 8th Cir. 2006). Because § 109(h) is mandatory, "bankruptcy courts have no discretion but to dismiss the case when the debtor fails to file a certification in compliance with its provisions." Id.

(affirming dismissal where debtors failed to seek credit counseling prepetition and failed to prove exigent circumstances). Unless a debtor satisfies the requirement of prepetition credit counseling or qualifies for the "exigent circumstances" exception of § 109(h)(3), the debtor is not eligible for bankruptcy relief and the case must be dismissed. In re Wallace, 338 B.R. 399, 408 (Bankr. E.D. Ark. 2006) (dismissing case where the debtor received credit counseling after she filed her bankruptcy petition.)

The Court dismissed this case based, in part, on Debtor's failure to file a Credit Counseling Certificate. In response, Debtor filed a Certificate showing she has received counseling. The Court is satisfied, after hearing, that sufficient exigent circumstances exist to satisfy § 109(h)(3).

**WHEREFORE**, Debtor's Motion to Reconsider the Court's Order dismissing the case under § 109(h) is GRANTED and this case is reinstated.

DATED AND ENTERED: October 26, 2009

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE